IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERESA SHARP                                                                               PLAINTIFF

v.                                        Case No. 4:07-cv-4045

MICHAEL J. ASTRUE[1]                                                               DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Teresa Sharp, brings this action seeking judicial assistance in helping "Social Security straighten out their paper work." *See* Plaintiff's Complaint, Doc. No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. Pending before the Court is the issue of whether or not the complaint should be served on the Defendant. The Court, having reviewed the complaint and attached exhibits, recommends that the action be **DISMISSED** for lack of jurisdiction.

**1. Procedural Background:**

In a prior proceeding in this Court, Plaintiff filed for disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under the provisions of Title XVI of the Act on January 24, 2004.[2] On February 22, 2006,

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] *See Teresa Sharp v. Social Security Administration*, Cause No. 4:06-cv-4087.

1

an Administrative Law Judge (ALJ) issued an unfavorable decision finding that Plaintiff was not under a disability as defined by the Act at any time through the date of the decision. On the same date, the ALJ, who entered the unfavorable decision, also sent a letter to United States Congressman Mike Ross indicating that a *favorable* decision had been entered on behalf of the Plaintiff. The Plaintiff appealed the unfavorable decision of the ALJ to this Court.[3] The Defendant, Social Security Administration, thereafter moved to remand the case, in part to allow the ALJ to consider additional evidence, and in part because of the apparent inconsistency between the unfavorable decision rendered and the ALJ's correspondence with Congressman Ross.[4] Plaintiff has not indicated the Social Security Administration has entered another unfavorable ruling. Rather, Plaintiff filed the instant complaint essentially seeking to have the Court intervene to speed up the process on remand.

**2. Discussion:**

This Court only has jurisdiction to review the "final decision of the Secretary made after a hearing." *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995). The court may also review the decision if the plaintiff alleges a colorable claim of unconstitutionality. *See id.* (citing *Califano v. Sanders*, 430 U.S. 99, 109(1977)); *Gipson v. Harris*, 633 F.2d 120, 122 (8th Cir.1980). Further, remand under "sentence four" of 42 U.S.C. § 405(g) terminates the Court's jurisdiction. *See Travis v. Astrue*, 477 F.3d 1037, 1039 (8th Cir. 2007).

Here Plaintiff does not allege a final decision regarding her claim for disability benefits. Further, she does not allege any unconstitutional act by the Social Security Administration. Instead, Plaintiff seeks intervention by this Court in an administrative proceeding that is not yet complete.

---

[3] *See Sharp*, Cause No. 4:06-cv-4087, Complaint (Doc. No. 1).

[4] *See Sharp*, Cause No. 4:06-cv-4087, Motion to Remand (Doc. No. 10).

This Court cannot intervene in a pending administrative proceeding. This Court lacks jurisdiction in this matter because there has been no final decision by the Social Security Administration and no appeal of that decision by the Plaintiff. Therefore, this case must be dismissed.

**4. Conclusion:**

This Court lacks jurisdiction in this matter as there has been no final decision by the agency. Service of process should not be ordered. Accordingly, I recommend the Plaintiff's complaint be dismissed without prejudice to refiling in the event Plaintiff receives an unfavorable decision from the Social Security Administration.

**Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.** *See* **28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after service shall bar an aggrieved party from** *de novo* **review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the court except on grounds of plain error or manifest injustice.**

**ENTERED** this **14th day of May, 2007.**

                                              /s/  Barry A. Bryant
                                              HON.  BARRY  A. BRYANT
                                              U. S. MAGISTRATE JUDGE